UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROGME CORP.,

    Plaintiff,

v.

TWENTY-FIRST CENTURY
FOX, INC., et al.,

    Defendants.
_____/

Case No. 18-11057

HON. AVERN COHN

## MEMORANDUM AND ORDER
## GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION OF PLAINTIFF'S PATENT IN INTER PARTES REVIEW (Doc. 9)[1]

I. Introduction

This is a patent case. Plaintiff, Progme Corp. (Progme) is suing five defendants, Twenty-First Century Fox, Inc., Fox News Network, LLC, Fox Broadcasting Co., Fox Networks Group, Inc., and Fox Entertainment Group, Inc. (collectively Fox) claiming indirect and direct infringement of U.S. Patent No. 8,713,425 (the '425 patent). The '425 patent, titled "AUDIO/VIDEO PROGRAM RELATED HYPERLINK PRINTER" discloses a method for generating and encoding, and an apparatus for receiving and processing, a hyperlink address string structured as a PrintWriter method. Progme alleges that Fox uses the patented technology when transmitting program signals during broadcasting.

---

[1] Although this matter was originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Before the Court is Fox's motion for stay of proceedings pending the resolution of two proceedings before the United States Patent and Trademark Office (PTO) regarding the '425 patent. Fox argues that a stay is appropriate because the results in the PTO will either invalidate the '425 patent or, at a minimum, narrow the scope of the claims in the patent. The Court agrees. For the reasons that follow, the motion will be granted.

## II. Background

### A. This Case

Progme filed its complaint against Fox on April 3, 2018, claiming infringement of the '425 patent. The named inventor of the '425 patent is David A. Reams, an attorney. Reams also prosecuted a series of applications leading to the '425 patent for nearly 13 years, until the '425 patent issued on April 9, 2014. In addition to being the inventor and the prosecuting attorney, Reams is the President, Treasurer, Secretary, and Director of Progme. He is also representing Progme as litigation counsel in this case. His law firm (Law Office of David A. Reams, P.C.) shares the same address as Progme: 208 Clair Hill Drive, Rochester Hills, Michigan.

### B. PTO Proceedings

Before the complaint was filed, Comcast (a defendant in another lawsuit filed by Progme discussed below) filed a request for ex parte reexamination of the '425 patent with the PTO. On May 1, 2018, the PTO ordered reexamination based on Comcast's ex parte reexamination request. In its request, Comcast alleged that during prosecution of the '425 patent, Progme amended the claims to include language that was copied verbatim from a prior art reference (the Kwon reference) and failed to disclose the prior

art reference to the PTO. Comcast also alleged that when Progme filed the child application that directly led to the '425 patent, the material that was added to the child application was also copied from other prior art references which were also not disclosed to the PTO.

In ordering the reexamination, the PTO found that there was "a substantial new question of patentability" and determined that "[t]here is a substantial likelihood that a reasonable examiner would consider these teachings [of the Kwon reference] important in deciding whether or not these claims are patentable." According to Fox, Progme had until July 1, 2018, to respond to the PTO.

In addition to Comcast's reexamination proceeding, on April 4, 2018, the day after it filed its complaint against Fox, Progme filed a reissue application for the '425 patent with the PTO. In its application, Progme admits in a declaration signed by Reams that the '425 patent is wholly or partly inoperative because Progme had erroneously "[c]laimed more than entitled to in light of omitted prior art reference." Progme also submitted an amendment that, at least according to Fox, would substantially narrow the scope of the independent claims.

### C. The Comcast Litigation

The two PTO proceedings outlined above are the outgrowth of ongoing litigation between Progme and Comcast that has been pending since 2015. Progme first sued a number of entities, including Comcast, in this district. <u>Progme v. Comcast</u>, 15-13935 (Judge Murphy). Within two weeks after the filing of the complaint, Progme filed a notice of voluntary dismissal, "dismissing with prejudice" all defendants except for Comcast. <u>See</u> Doc. 4 in case no. 15-13935. Comcast then filed a motion to transfer.

The district court granted the motion and transferred the case to the Eastern District of Pennsylvania on March 29, 2017. See Doc. 48 in case no. 15-13935. After the transfer, the district court in Pennsylvania granted Progme leave to file a fourth amended complaint but noted that Progme would not be allowed any additional amendments. See Progme v. Comcast, 17-01488, Doc. 47, 48. Comcast then filed a Rule 12(b)(6) motion to dismiss the fourth amended complaint for lack of patent-eligible subject matter. After the Rule 12(b)(6) was fully briefed, Progme's local counsel filed a motion to withdraw his appearance. The district court granted the motion to withdraw on March 19, 2018 and gave Progme 30 days to find new local counsel. Instead of finding new local counsel, Progme submitted a letter to the Court asking for a stay pending resolution of the reexamination and reissue proceedings in the PTO.

Although Comcast opposed the stay, on May 23, 2018, a day before Fox filed the motion to stay in this case, the district court stayed proceedings in the Comcast case pending proceedings in the PTO. See Doc. 60 in case no. 17-01488.

### III. Legal Standard

The Court has the discretion to manage its docket, including the power to stay proceedings, where this power "extends to the issuance of a stay pending the reexamination of a patent by the PTO." GII Acquisition, LLC v. Cybernet Sys. Corp., No. 2:13-CV-14890, 2014 WL 4209928, at *1 (E.D. Mich. 2014). The Court should consider "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Id. at *2.

## IV. Analysis

Consideration of the relevant factors under the circumstances weighs in favor of a stay.

As to the first factor, staying the case will not unduly prejudice Progme. This is particularly so because Progme itself recognized the utility of a stay and asked for a stay in the Comcast litigation. It cannot now seriously contend that a stay will prejudice it in this case.

At best, Progme says that a stay in this case will prejudice its ability to obtain an injunction against Fox. This argument lacks merit. An injunction is available only when the parties are competitors. That is not the case here. While it is unclear what business Progme is in, it is not in the news or broadcasting field. See Cruise Control Techs. LLC v. Volkswagon Grp. Of Am., Inc., Case No. 14-11524, slip op (E.D. Mich. 2015) (Where "the first factor weighs in favor of a stay because the Plaintiff...is a patent holding company" and not a business competitor to the Defendant. Thus, a stay will not prejudice the Plaintiff, and "should the Defendants be liable, legal relief will adequately remedy Plaintiff's claim.")

As to the second factor, a stay will simplify the issues. As explained above, the '425 patent is currently undergoing two reexamination proceedings, which will either result in a finding of invalidity or a reissue. In light of Progme's many requested amendments in its reissue application, the claims in the '425 patent will most likely be amended and altered significantly if a reissue application is granted. Therefore, staying the case until the PTO reissues or invalidates the '425 patent will simplify and narrow the issues the Court will have to consider in this case.

As to the last factor, this case is in its infancy. There has been no discovery and the case is far from trial. By staying this case early on, both parties-and the Court-will avoid the possibility of redoing significant work in light of the outcomes of the PTO proceedings.

V. Conclusion

For the reasons stated above, Fox's motion to stay is GRANTED. The parties shall promptly advise the Court of any and all actions taken by the PTO with respect to the reexamination and the reissue application of the '425 patent. Defendants' response to the complaint shall be due thirty (30) days after the stay is lifted. The Court reserves the right to lift the stay at any time.

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 8-8-18
Detroit, Michigan