**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PROGME CORPORATION,

        Plaintiff,                       CASE NO. 18-11057
v.                                          HON. DENISE PAGE HOOD

TWENTY-FIRST CENTURY FOX, et al.,

        Defendant.
_____/

PROGME CORPORATION,

        Plaintiff,                       CASE NO. 18-11728
v.                                          HON. DENISE PAGE HOOD

GOOGLE, LLC,

        Defendant.
_____/

**<u>ORDER GRANTING PLAINTIFF'S MOTION TO LIFT THE STAY, DENYING PLAINTIFF'S MOTION TO TRANSFER, AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT [ECF No. 18 in Case No. 18-11057 and ECF No. 15 in Case No. 18-11728]</u>**

**I.    INTRODUCTION**

These are two patent cases, both originally assigned to the Honorable Avern Cohn as companion cases before later being reassigned to the undersigned on January 2, 2020. In both cases, Progme claims infringement of U.S. Patent No. 8,713,425 (the '425 patent). In broad terms, the '425 patent, titled "Audio/Video Program-Related

Hyperlink Printer," covers a system in which hyperlinked content broadcast on radio or television programs can be printed. Progme claims that Defendants have used the patented technology when transmitting program signals during broadcasting. In April 2018, Progme sued Defendant Twenty-First Century Fox, Inc. and other Fox entities (collectively, Fox). *Progme v. Fox*, 18-11057 (the Fox Case). In June 2018, Progme sued Defendant Google, LLC (Google). *Progme v. Google*, 18-11728 (the Google Case). Both cases have been stayed pending reexamination and reissue proceedings before the United States Patent and Trademark Office (PTO).

On December 4, 2019, Progme filed a Motion to Lift the Stay and Transfer or, in the Alternative, for Leave to File an Amended Complaint in each case. *See* ECF No. 18 in the Fox Case and ECF No. 15 in the Google Case. Both motions are fully briefed. Because the motions present essentially the same arguments, they will be considered together.

For the reasons set forth below, the Court GRANTS Progme's request to lift the stay; DENIES Progme's request to transfer the cases; and GRANTS Progme's request for leave to file an amended complaint.

## II. BACKGROUND

The named inventor of the '425 patent is David A. Reams, a former Michigan attorney. Reams also prosecuted a series of applications leading to the '425 patent for

nearly 13 years, until the '425 patent issued on April 9, 2014. In addition to being the inventor and the prosecuting attorney, Reams is the President, Treasurer, Secretary, and Director of Progme. Progme has a history of litigation regarding the '425 patent, as set forth below.

In 2015, Progme sued a number of entities in this district, including Comcast, claiming infringement of the '425 patent. *Progme v. Comcast*, 15-13935 (the Comcast case). Within two weeks of filing the complaint, Progme filed a notice of voluntary dismissal, "dismissing with prejudice" all defendants except for Comcast. *See* ECF No. 4 in the Comcast Case. Comcast then filed a motion to transfer. The district court granted the motion and transferred the case to the Eastern District of Pennsylvania. *See* ECF No. 48 in the Comcast Case. On March 6, 2020, the Eastern District of Pennsylvania dismissed the Comcast Case without prejudice. ECF No. 26, in the Fox Case (Defendants' Notification of Order from the Eastern District of Pennsylvania); ECF No. 27 (Order from the Eastern District of Pennsylvania, which is ECF No. 63 in the Comcast Case).

During the pendency of the Comcast Case, Comcast filed a request for ex parte reexamination of the '425 patent with the PTO. On May 1, 2018, the PTO ordered reexamination based on Comcast's ex parte reexamination request. In addition to Comcast's reexamination proceeding, on April 4, 2018, Progme filed a reissue

3

application for the '425 patent with the PTO.

The day before filing the reissue application, on April 3, 2018, Progme filed the Fox Case. Two months later, on June 1, 2018, Progme filed the Google Case. Shortly thereafter, in early August 2018, Judge Cohn stayed the Fox and Google cases pending the outcome of the PTO proceedings, including both the ex parte reexamination and the reissue application. *See* ECF No. 14 in the Fox Case and ECF No. 11 in the Google Case.

On August 6, 2019, the PTO mailed a notice of allowance for the reissue application of the '425 patent. On November 19, 2019, the PTO issued the reissue patent, RE47,735, which generally allows claims 1-25 of the '425 patent. On December 4, 2019, following the conclusion of the PTO proceedings, Progme filed the instant motions to lift the stay in both cases. *See* ECF No. 18 in the Fox Case and ECF No. 15 in the Google Case.

## III. APPLICABLE LAW

### A. Lift Stay

Where a court has already granted a stay pending the outcome of PTO proceedings, the court also has the inherent power and discretion to lift that stay when appropriate. *See Lear Corp. v. TS Tech USA Corp.*, No. 2:09-CV-993, 2013 WL 12178111, at *3 (S.D. Ohio Mar. 12, 2013).

**B.     Transfer Venue**

A civil action may be transferred from one district court to another pursuant to 28 U.S.C. § 1404:

> (a) For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**C.     Amend Complaint**

In a case where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F. R. Civ. P. 15(a)(2). It is within the Court's discretion whether to grant Plaintiff's motion for leave to file an amended complaint. The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

> (1) the delay in filing the motion,
> (2) the lack of notice to the other party,
> (3) bad faith by the moving party,
> (4) repeated failure to cure deficiencies by previous amendments,
> (5) undue prejudice to the opposing party, and
> (6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court may deny a plaintiff leave to amend his complaint when the proposed amendment

would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

## IV. ANALYSIS

### A. Subject Matter Jurisdiction

As an initial matter, Google argues that the case should be dismissed for lack of subject matter jurisdiction, contending that because the '425 patent no longer exists, the complaint no longer presents a case or controversy, i.e. that the Fox and Google cases are moot.

Under Federal Circuit law, "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). "Suits based on cancelled claims must be dismissed for lack of jurisdiction." *See SHFL Entertainment, Inc. v. DigiDeal Corp.*, No. 2016-2705, 2018 WL 2049238, at *3 (Fed. Cir. May 2, 2018). *See also Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists. If there is no longer a possibility that an appellant can obtain relief for his

6

claim, that claim is moot and must be dismissed for lack of jurisdiction.") (internal citations and quotation marks omitted).

While Progme may not proceed on the '425 patent as it existed prior to the PTO proceedings, claims were allowed on reexamination and a new version of the '425 patent was reissued. Progme has also moved for leave to amend the complaint to incorporate the outcome of the PTO proceedings, i.e. the reissuance of the '425 patent. Courts have granted leave in similar circumstances, thereby curing any mootness issues. *See Lotes Co., Ltd. v. Hon Hai Precision Industry Co., Ltd.*, 2017 WL 282583, at *6 (N.D. Cal. 2017) (granting leave to amend complaint to reflect outcomes of concluded reexaminations of patents in suit); *ZiLOG, Inc. v. Quicklogic Corp.*, No. C03-03725 JW, 2006 WL 563057, at *1 (N.D. Cal. Mar. 6, 2006) (allowing leave to amend initial disclosures of asserted claims to add an additional claim in the patent after ex parte reexamination proceeding). *See also MyGo, LLC v. Mission Beach Indus.*, LLC, No. 16-CV-2350-GPC-RBB, 2018 WL 3438650, at *3 (S.D. Cal. July 17, 2018) ("the Court finds that a motion for leave to amend is required in order to add previously unasserted claims in the first instance after ex parte reexamination").

The cases cited by Google where the courts dismissed cases after PTO proceedings concluded are inapposite. In *Fresenius*, *supra*, the Federal Circuit addressed the question of whether, under the reexamination statute, the cancellation

of claims by the PTO is binding in pending district court infringement litigation. The Federal Circuit stated that a patentee loses any cause of action based on claims that were cancelled during reexamination proceedings, but it did not consider the situation where a plaintiff seeks leave to amend after PTO proceedings in a case that was specifically stayed pending the outcome of PTO proceedings. In *Target Training Intern., Ltd. v. Extended Disc. North America, Inc.*, 645 F. App'x 1018 (Fed. Cir. 2016), the Federal Circuit considered whether claims newly added to a patent during a reexamination that cancelled asserted claims were automatically added to pending infringement litigation. The Federal Circuit affirmed the district court's dismissal of the newly added claims because: (1) Target did not allege infringement on the new claims at the time the complaint was filed as the newly added claims did not exist; and (2) Target was bound to its preliminary infringement contentions issued prior to the reexamination. *See id.* at 1024.

The Court declines to dismiss the case on jurisdictional grounds.

## B. Lift Stay

Neither Fox nor Google oppose Progme's request to lift the stay. The Court, therefore, lifts the stay.

## C. Venue

### 1. Forum Shopping

8

Before considering the factors for transfer, Fox argues that the motion is an improper attempt at forum shopping. It is well established that "§ 1404(a) should not create or multiply opportunities for forum shopping." *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990).

Fox notes that the request to change venue comes from Progme, the plaintiff. Another judge in this district has commented on such a situation:

> The plain language of section 1404(a) provides for transfer for the convenience of the parties and witnesses, and in the interest of justice. There is no requirement that the request come from any particular party or that reasons for transfer arise after the complaint is filed. *However, it seems unlikely that the drafters intended to permit plaintiffs to bring a motion for forum nonconveniens without some very good reason. The presumption against changing a plaintiff's choice of forum still applies when the plaintiff makes the motion to transfer.*

*Ortho-McNeil Pharm., Inc. v. Caraco Pharm. Labs., Ltd.*, No. 04-CV-73698, 2005 WL 8154955, at *3 (E.D. Mich. June 13, 2005) (Steeh, J.) (emphasis added).

Although not prohibited, it is unusual that Progme, a Michigan corporation, seeks to transfer cases from its chosen forum that have been pending for over 20 months. It appears, based on Reams' affidavit, that the request is largely based on two events. First, Reams' expressed desire to combine the Fox Case, the Google Case, and the Comcast Case (which has now been dismissed) in a single forum. *See* Affidavit of David A. Reams, ECF No. 18-3 in the Fox Case, PageID.428. Second, Reams has

9

relocated from Michigan to Washington, D.C. *See id.* at PageID.429. Progme's additional asserted reasons for transfer appear to be based on circumstances that existed at the time the complaint was filed. In other words, nothing has changed since filing these two cases, except for Reams' location and a desire to consolidate the cases in Delaware. Although the Court declines to find that Progme has engaged in forum shopping as a basis to deny its motions to transfer, Fox's argument is not lacking in merit.

2.  **Factor Analysis**

Progme requests that both cases be transferred to the District of Delaware under section 1404(a). The determination of whether a case should be transferred under this section involves balancing of the following factors: (1) convenience of the parties; (2) convenience of the witnesses; (3) ease of access to sources of proof; (4) availability of process to compel attendance of witnesses; (5) costs of obtaining witnesses; (6) expense and expeditiousness of trying matter; and (7) interests of justice. *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393 (E.D. Mich. 1994).

a.  **Convenience of the Parties**

Progme argues that Delaware is a more convenient forum for the parties because it is closer to where Reams now lives and both Fox and Google are incorporated in Delaware. This argument does not carry the day. Progme does not

explain how Fox or Google would benefit from a transfer based on their state of incorporation. Rather, as Google points out, a more convenient forum for Google would be in California, where it is headquartered. As to Fox, it retained and has been working with local (Detroit, Michigan) counsel since the beginning of the case. At best, Progme has shown that Delaware would be more convenient for Reams, a non-party but someone clearly with an interest in the litigation. This factor does not weigh in favor of transfer. *See B.E. Tech., LLC v. Sony Computer Enm't Am, LLC*, No. 12-CV-02826, 2013 WL 3804030, at *12 (W.D. Tenn. July 19, 2013) (denying motion to transfer in part where "Sony has shown that the Northern District of California would be a more convenient forum for it, but it has not shown that the Northern District of California is a more convenient forum for both parties.").

**b.    Convenience of the Witnesses/Availability of Process to Compel/Costs**

Progme has not identified a single witness who is located in Delaware. Progme instead relies on witnesses it alleges are located in *Washington, D.C.* and says it would subpoena them for trial in Delaware. As explained below, Progme has not met its burden.

First, Progme says that it intends to subpoena the Federal Communications Commission (FCC) custodian of records to appear as a fact witness and to call three FCC employees (James Miller, Walter Johnston, and Pete Cole) as expert witnesses.

11

There are significant problems with calling these witnesses. First, because the FCC is not a party in this proceeding, the FCC witnesses would be non-party governmental witnesses subject to the *Touhy* regulations that limit the availability of governmental witnesses. *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S. Ct. 416, 95 L. Ed. 417 (1951) (holding promulgated into an administrative regulation and was subsequently codified at 32 C.F.R. § 97.6); *see* 47 C.F.R. § 0.463. Progme has not indicated that it requested or received approval from the General Counsel of the FCC to authorize the proposed FCC witnesses to produce records or speak on behalf of their work conducted during the course of business as present FCC personnel, as required by 47 C.F.R. § 0.463. There is no indication that Progme will be successful in compelling the FCC witnesses to testify in either forum.

Second, contrary to Progme's assertions that James Miller is "the Senior Attorney Advisor" at the FCC, "has been and continues to supervise said additional testing at the FCC...in Washington, DC," and he is "within 100 miles of the United States District Court for the District of Delaware," James Miller appears to have left his position at the FCC in February 2019 and now resides in Japan – beyond the Court's subpoena power, regardless of forum. *See* Affidavit of David Reams, ECF No. 18-3 in the Fox Case, PageID.431, Exhibit H to Davis Declaration, ECF No. 21-9, PageID.527. This fact suggests that Progme has not made reasonable inquiries as to

12

whether any of these FCC witnesses would be available to it, even if this case were transferred to Delaware. Because it is very unlikely that Miller will be a witness in this forum or Delaware, Miller's purported convenience is irrelevant to the transfer analysis.

Third, Progme has not clearly explained how the testimony of FCC employees would be relevant to any issue in the case. Aside from vague statements relating to the alleged roles of the FCC employees in "additional testing" pursuant to the "FCC Speed App" and general assertions that they are "key witnesses," Progme has not explained the specific subject matter of the proposed testimony or how said testimony relates to the infringement allegations made in the complaint. This weighs against transfer. *See Crestmark Fin. Corp. v. Omo Sci., Energy & Tech., Inc.*, No. 10-11795, 2010 WL 3702371, at *4 (E.D. Mich. Sept. 16, 2010) (weighing the witnesses' convenience factor against the movant where the court "fail[ed] to see how the[] witnesses would play a role in the defense of this action" and "how the Complaint has anything to do with [the proposed witnesses].").

Fourth, the witnesses would still need to travel from their residences in Washington, D.C. regardless of the chosen forum, and it would be no more convenient for them to drive to Delaware than to fly to Michigan. This too weighs against transfer. *See Silberg v. Zotec Sols., Inc.*, No. 05-CV-73822, 2006 WL 1007635, at *4

13

(E.D. Mich. Apr. 17, 2006) ("'Inconvenience' is more than just being upset or reluctant about having to drive a few hours in a car or travel one hour by plane."); *Bestop, Inc. v. Tuffy Sec. Prod., Inc.*, No. 2:13-CV-10759, 2013 WL 4496257, at *5 (E.D. Mich. Aug. 21, 2013) ("[I]t seems more convenient for Defendant to fly to Detroit than to drive to the District of Colorado's courthouse, since it will take a shorter period of time to fly.").

Progme further identifies as a potential witness Dr. Maria Constantinescu (Dr. Constantinescu), who is characterized as "a non-party located in Washington, DC" and who operates Progme's website, Progme.live. Reams' Affidavit, ECF No. 18-3 in the Fox Case, PageID.431. However, it appears that Dr. Constantinescu (who appears to also be known as Dr. Maria Kristofer) is most likely an employee of either Progme or David Reams's law firm. *See* Exhibits I-K of Davis Declaration in the Fox Case. Although Reams's Affidavit refers to Dr. Constantinescu as "a colleague," Progme's motion and Dr. Constantinescu's declaration fail to explain her role and her employment status. Downplaying her ties to Progme would be misleading, as party employees are treated differently from non-party witnesses in the convenience analysis. *Performance Contracting, Inc. v. DynaSteel Corp.*, No. 12-10165, 2012 WL 1666394, at *4 (E.D. Mich. May 9, 2012) (citing *Steelcase, Inc. v. Smart Technologies, Inc.*, 336 F. Supp. 2d 714, 721 (W.D. Mich. 2004)) ("[I]t is the

14

convenience of non-party witnesses, rather than employee witnesses . . . that is accorded greater weight."). At a minimum, Dr. Constantinescu does not appear to be a true non-party witness but is rather associated with Progme and working on its behalf.

As with the proposed FCC witnesses discussed above, Dr. Constantinescu is also a Washington, D.C. resident, such that it would be no more convenient for her to travel to Delaware than to Michigan. Although Dr. Constantinescu states she is unable and unwilling to travel to Michigan, this alone does not mean it is inconvenient for purposes of a transfer analysis.

Finally, Progme also identifies Reams as a witness. Reams is clearly a party witness. It is well-established that the location of such a party witness is entitled to minimal weight, if any, in the transfer analysis. *Steelcase*, 336 F.Supp.2d 714 at 721; *Pharmerica Corp. v. Crestwood Care Ctr., L.P.*, No. 3:12-CV-00511-CRS, 2013 WL 5425247, at *2 (W.D. Ky. Sept. 26, 2013) ("the convenience of party witnesses is generally not a significant factor in determining whether transfer is appropriate").

c. **Ease of Access to Sources of Proof**

Progme has not identified any activities in Delaware and has only discussed "testing" activities occurring in Washington, D.C. Progme, however, does not explain how the "testing" activities in Washington, D.C. make it easier to access sources of

15

proof in Delaware. As Fox and Google point out, their sources of discoverable evidence are likely to be located where they are headquartered, in New York and California, respectively. This factor does not weigh in favor of transfer.

**d.     Expense and Expeditiousness**

Progme says that it will be more expensive for Reams to travel to Michigan, and it will be more expedient to have all three cases in a single forum in Delaware. As discussed above, Reams' convenience is entitled to little weight. Regarding the expediency of trial, Progme has not explained how the District of Delaware is better equipped to adjudicate the Fox Case and the Google Case. Both cases have been pending in this district for over a year and have involved substantive motion practice. Progme has not shown that this factor militates in favor of transfer. Progme also has not demonstrated how the Comcast case, pending in the Eastern District of Pennsylvania, would be tried in the District of Delaware, especially as it has now been dismissed.

**e.     Interests of Justice**

The interests of justice weigh against transfer. The District of Delaware has no connection to Progme, and no prior experience with the '425 patent. This Court, on the other hand, has experience with the '425 patent, the PTO proceedings, and has invested judicial resources in both the Fox Case and the Google Case. In addition,

Progme's allegations of infringement are based on a theory of "infringing activities nationwide," ECF No. 18 in the Fox Case, PageID.410, so Delaware is of no particular significance. Progme has not shown that its initial choice of forum in the Eastern District of Michigan should be disturbed. The Court denies the request to transfer.

**D. Leave to Amend**

Progme requests that if the Court declines to transfer the cases, leave to amend the complaint should be granted to incorporate the reissuance of the '425 patent. Fox does not oppose this request other than to require that Progme be instructed to identify with particularity the accused devices and infringing activity. Fox suggests that if the amended complaint merely substitutes the '425 patent with the reissue patent number, it will suffer from failing to meet the basic pleading requirements, and the amendment will be futile. Google opposes granting Progme leave to amend, arguing that the complaint cannot withstand a motion to dismiss because of Progme's inequitable conduct.

The complaint is not a model of clarity. Fox's concern that if Progme files an amended complaint in a similar form, it will not withstand a motion to dismiss is well-founded. Google's concern regarding inequitable conduct raises an issue that requires more robust briefing and consideration of matters outside the pleadings. Under the

17

circumstances of the case and in keeping with the rule that leave should be freely granted, the Court finds that the better course is to permit amendment. Both Fox and Google will have the right to file any motion they deem appropriate following the filing of the amended complaint.

The Court grants Progme's request for leave to amend the complaint.

## V. CONCLUSION

Accordingly, for the reasons stated above,

IT IS HEREBY ORDERED that Progme's Motions to Lift the Stay and Transfer or, in the Alternative, for Leave to File an Amended Complaint [ECF No. 18 in the Fox Case and ECF No. 15 in the Google Case] are GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Progme's Motion to Lift Stay is GRANTED; Progme's Motion to Transfer is DENIED; and Progme's Motion for Leave to Amend the Complaint is GRANTED.

IT IS FURTHER ORDERED that Progme shall file an amended complaint within twenty days of this Order.

IT IS ORDERED.

                                                  s/Denise Page Hood

Dated: March 25, 2020                  United States District Judge