UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROGME CORPORATION,

       Plaintiff,                    CASE NO. 18-11057

v.                                       HON. DENISE PAGE HOOD

TWENTY-FIRST CENTURY FOX, et al.,

       Defendant.
_____/

PROGME CORPORATION,

       Plaintiff,                     CASE NO. 18-11728

v.                                       HON. DENISE PAGE HOOD

GOOGLE, LLC,

       Defendant.
_____/

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF No. 40 in Case No. 18-11057 and ECF No. 34 in Case No. 18-11728] and DISMISSING Case No. 18-11728**

**I.    INTRODUCTION**

These are two patent cases, both assigned to the undersigned as companion. In both cases, Plaintiff Progme Corporation ("Progme") claims infringement of U.S. Patent No. 8,713,425 (the '425 patent). In broad terms, the '425 patent, titled "Audio/Video Program-Related Hyperlink Printer," covers a system in which

1


hyperlinked content broadcast on radio or television programs can be printed. Progme claims that Defendants have used the patented technology when transmitting program signals during broadcasting. In April 2018, Progme sued Defendant Twenty-First Century Fox, Inc. and other Fox entities (collectively, "Fox"). *Progme v. Fox*, 18-11057 (the "Fox Case"). In June 2018, Progme sued Defendant Google, LLC ("Google"). *Progme v. Google*, 18-11728 (the "Google Case"). Both cases were then stayed pending reexamination and reissue proceedings before the United States Patent and Trademark Office ("PTO"). The stay was lifted in each case on March 25, 2020. *See* ECF No. 29 in the Fox Case and ECF No. 27 in the Google Case.

On May 18, 2020, Fox and Google filed motions to dismiss. *See* ECF No. 40 in the Fox Case and ECF No. 34 in the Google Case. Both motions are fully briefed. Because the motions present essentially the same arguments, they will be considered together.

For the reasons set forth below, the Court GRANT's Fox's and Google's motions to dismiss.[1]

## II.   BACKGROUND

The named inventor of the '425 patent is David A. Reams, a former Michigan

---

[1] In light of this determination, Fox's pending motion for an extension of time to answer the second amended complaint (ECF No. 52 in the Fox Case) is MOOT.

attorney. Reams also prosecuted a series of applications leading to the '425 patent for nearly 13 years, until the '425 patent issued on April 9, 2014. In addition to being the inventor and the prosecuting attorney, Reams is the President, Treasurer, Secretary, and Director of Progme. Progme has a history of litigation regarding the '425 patent, as set forth below.

In 2015, Progme sued a number of entities in this district, including Comcast, claiming infringement of the '425 patent. *Progme v. Comcast*, 15-13935 (the "Comcast Case"). Within two weeks of filing the complaint, Progme filed a notice of voluntary dismissal, "dismissing with prejudice" all defendants except for Comcast. *See* ECF No. 4 in the Comcast Case. Comcast then filed a motion to transfer. The district court granted the motion and transferred the case to the Eastern District of Pennsylvania. *See* ECF No. 48 in the Comcast Case.

During the pendency of the Comcast Case, Comcast filed a request for ex parte reexamination of the '425 patent with the PTO. On May 1, 2018, the PTO ordered reexamination based on Comcast's ex parte reexamination request. In addition to Comcast's reexamination proceeding, on April 4, 2018, Progme filed a reissue application for the '425 patent with the PTO.

The day before filing the reissue application, on April 3, 2018, Progme filed the Fox Case. Two months later, on June 1, 2018, Progme filed the Google Case. Shortly

3

thereafter, in early August 2018, the Court stayed the Fox and Google cases pending the outcome of the PTO proceedings, including both the ex parte reexamination and the reissue application. *See* ECF No. 14 in the Fox Case and ECF No. 11 in the Google Case. On August 6, 2019, the PTO mailed a notice of allowance for the reissue application of the '425 patent. On November 19, 2019, the PTO issued the reissue patent, RE47,735, which generally allows claims 1-25 of the '425 patent.

Following the conclusion of the PTO proceedings, on December 4, 2018, Progme filed motions to lift the stay, to transfer, and for leave to amend in both cases. *See* ECF No. 18 in the Fox Case and ECF No. 15 in the Google Case. The Court granted Progme's motion to lift the stay, denied Progme's motion to transfer, and granted Progme's motion for leave to file amended complaints. *See* ECF No. 29 in the Fox Case and ECF No. 27 in the Google Case. Progme then filed amended complaints in both cases. *See* ECF No. 30 in the Fox Case and ECF No. 28 in the Google Case. Notably, in granting Progme leave to file amended complaints, the Court observed that the original complaint in both cases were not models of clarity and if Progme's amended complaints were of the same ilk, they may not withstand a motion to dismiss.

As noted above, Fox and Google have moved to dismiss the amended complaints on the grounds that the amended complaints fail to state a plausible claim

for relief. Progme filed a short response to both motions as well as second amended complaints. Progme's sole argument in response is that it had a right to file the second amended complaints and the second amended complaints cure any defects in the amended complaints.

## III. APPLICABLE LAW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. The Court must accept all well-pleaded factual allegations as true and review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id*. at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id*. at 563. The

5

Supreme Court has further stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## IV. ANALYSIS

### A. Whether Progme Had a Right to File the Second Amended Complaints

Both Fox and Google argue that Progme did not have a right to file the second amended complaints without seeking leave under Fed. R. Civ. P. 15(a). Rule 15(a) provides, in relevant part, that "[a] party may amend its pleadings once as a matter of course" within 21 days after service of a motion under Rule 12(b) (emphasis added). Rule 15(a)(2) further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." The Court assumes, without deciding, that Progme had a right to file the second amended complaints without seeking leave.

### B. Whether the Second Amended Complaints Satisfy Rule 8 and Rule 12

Progme made no attempt to respond to Fox's or Google's detailed and well-formed arguments in support of their motions to dismiss. Rather, Progme's response in opposition simply states that it had a right to file the second amended complaints and that those second amended complaints cure any defects. Progme's failure to

address Fox's and Google's arguments in any meaningful way could alone be considered grounds for dismissal. *See Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.") (internal citations and quotations omitted).

As both Fox and Google have addressed the second amended complaints in their reply briefs, the Court deems it appropriate under the circumstances to consider whether the second amended complaints state plausible claims for relief. In general, the second amended complaints in the Fox Case and the Google Case suffer from the same defects as the first amended complaints in those cases. They contain rambling, confusing, and conflicting allegations, long recitations of computer code, as well as excerpts from Progme's patent which simply fail to allege with any clarity how Fox or Google has infringed the '425 patent as reissued. As discussed below, the second amended complaints fail to state plausible claims of infringement against either Fox or Google.

With respect to the Fox Case, the second amended complaint appears to be a cut and paste of the second amended complaint Progme filed in its case against Google. For example, although Google is not named as a defendant in the Fox Case, the second amended complaint in the Fox Case contains four references to "Defendant

Google." Moreover, as in the first amended complaint, the second amended complaint relies on citations to Google code and what Google purportedly does, without ever explaining the relationship between those things and anything that Fox does. *See, e.g.*, ECF No. 48, PageID. 931 (¶44 - citing to "Defendant Google's Infringing Code Service Class Examples listed below"); PageID.934 (¶51 - same), PageID.934 (¶52 - same); PageID.944 (¶61 - "[Defendants] each continued to infringe the '735 Patent after...the service of the original Complaint for Patent Infringement against Defendant Google on 4/3/18").

The second amended complaint in the Fox Case also fails to correct the first amended complaint's failure to provide a plausible basis to believe that Fox infringes the asserted patent. The second amended complaint contains the same circular definitions of certain terms. For example, Progme uses the term "Defendants Infringing Code" without offering any definition of that term at all. *See* ECF No. 48 PageID.938-939 (¶¶ 53-54). The only "code" identified in those paragraphs is taken from Progme's own website, which in turn cites to Google code. Nowhere does Progme identify any Fox code that constitutes the purported "Defendants Infringing Code." Nor does the second amended complaint in the Fox Case provide any additional insight into what activities are alleged to meet the limitations of the asserted claims. For example, the patent describes the "printable output" in terms of coupons

8

associated with advertisements, but the second amended complaint does not identify any use of "printable output." Likewise, Progme has still failed to explain what constitutes the claimed program signals, predetermined program material, or timer means.

Additionally, Progme has added several parties to the second amended complaint in the Fox Case that are unrelated to Fox, including direct competitors of Fox.[2] Under the America Invents Act, the joinder of unrelated parties in patent infringement cases has been limited to allegations that those parties infringe by making or using the same products or services. *See* 35 U.S.C. § 299. As best as can be gleaned, the only plausible theory under which Progme could be seeking to join those parties arises from its allegations in the second amended complaint in the Fox Case relating to the purported cooperation of these entities (local Detroit TV stations) in airing Governor Whitmer's Town Hall on April 2, 2020. *See* ECF No. 48, PageID.943 ( ¶58). But, the second amended complaint alleges that whatever

---

[2]Besides adding new parties, Progme removed parties from the second amended complaint against Fox. Three Fox entities (Twenty-First Century Fox, Inc., now known as TFCF Corporation; Fox Networks Group, Inc., now known as Fox Network Groups, LLC; and Fox Entertainment Group, Inc., now known as Fox Entertainment Group, LLC) were named as defendants in the first amended complaint but are not named in the second amended complaint. These three entities are subject to dismissal because Progme has not asserted any claims against them at this time.

cooperation those TV stations had in producing the Town Hall content, each company used its own separate technology platform to distribute that content online. *Id.* at PageID.931, 943, 944-945 (¶¶44, 58, 62-63). Accordingly, the second amended complaint in the Fox case fails to meet the statutory standards for joinder because the accused companies did not use the same product or service for their alleged infringement.

For the reasons stated above, the Court concludes that the second amended complaint against Fox suffers from the same defects as the first amended complaint. It simply fails to state a plausible infringement claim against Fox and must be dismissed.

The second amended complaint in the Google Case again adds confusing allegations regarding a product Google does not make, use or sell (namely, the "ADT-3") and a "town hall" that has no identified link to Google beyond a third-party statement that the town hall could be streamed via Android TV (amongst many other platforms). *See* ECF No. 37 PageID.952-953 (¶ 64 - https://tvnewscheck.com/article/247009/247009/ ("Town Hall will also be available via websites ... as well as streaming platforms such as ... Android TV....").

The second amended complaint in the Google Case also continues to lack factual allegations sufficient to permit the Court to infer that "Defendant Google's

10

Infringing Code" or "Accused Instrumentalities" meet the limitations of any claim of the '425 patent as reissued. Like the first amended complaint in the Google Case, the second amended complaint appears to allege that the Android dumpsys tool deploys a timer means, but it is silent as to where all the claimed aspects of the timer means are purportedly found in "Defendant Google's Infringing Code." Instead, paragraphs 38, 49, and 50 of the second amended complaint in the Google Case continue to parrot the claim language and continue to fail to explain, inter alia, where "offset values" (a term in claim 9) are found in Google's code, how they constitute "timing instructions for said hyperlinking" (a term in claims 1–2, 9 and 14), or how the alleged timer means "determines" the "offset values" (a term in claim 9).

Paragraphs 62-63 of the second amended complaint in the Google Case include different code excerpts from those in the first amended complaint but, like the code excerpts in the first amended complaint, the second amended complaint code excerpts do not include any mention of dumpsys, offset values or timing instructions. In short, the second amended complaint fails to allege a clear or plausible infringement claim against Google and must be dismissed.

## V.   CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Fox's Motion to Dismiss [ECF No. 40 in Case No. 18-

11

11057] is GRANTED.

IT IS FURTHER ORDERED that Google's Motion to Dismiss [ECF No. 34 in Case No. 18-11728] is GRANTED.

IT IS FURTHER ORDERED that the Google Case [Case No. 18-11728] is DISMISSED.

IT IS ORDERED.

Dated: May 23, 2023

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge