**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PROGME CORPORATION,

        Plaintiff,                      CASE NO. 18-11057
v.                                           HON. DENISE PAGE HOOD

TWENTY-FIRST CENTURY FOX, et al.,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF Nos. 91, 94, 97], DENYING AS MOOT MOTION TO CONSOLIDATE [ECF No. 115], AND DISMISSING CASE**

### I. INTRODUCTION

In this patent case, Plaintiff Progme Corporation ("Progme") claims infringement of U.S. Patent No. 8,713,425 (the '425 patent), reissued into U.S. Patent No. RE47,735 on November 19, 2019 (the '735 patent). In broad terms, the '425 patent (and the reissued '735 patent), titled "Audio/Video Program-Related Hyperlink Printer," covers a system in which hyperlinked content broadcast on radio or television programs can be printed. Progme claims that Defendants have used the patented technology when transmitting program signals during broadcasting. In April 2018, Progme sued Defendant Twenty-First Century Fox, Inc. and other Fox entities

(collectively, "Fox"). *Progme v. Fox*, 18-11057 (the "Fox Case"). In June 2018, Progme sued Defendant Google, LLC ("Google"). *Progme v. Google*, 18-11728 (the "Google Case"). Both cases were then stayed pending reexamination and reissue proceedings before the United States Patent and Trademark Office ("PTO"). The stay was lifted in each case on March 25, 2020. *See* ECF No. 29 in the Fox Case and ECF No. 27 in the Google Case.

Each of Fox and Google filed a motion to dismiss, and the Court recently granted both motions, even after taking into consideration Progme's allegations in a Second Amended Complaint filed on June 8, 2020. *See* ECF No. 48. In the Second Amended Complaint, Progme added a number of entities as Defendants. *Id.* Each of the entities Progme added in the Second Amended Complaint has now filed a Motion to Dismiss. The Motions to Dismiss at issue were filed by: (a) Defendants Graham Media Group, Inc. and Graham Media Group, Michigan, Inc. (together, the "Graham Defendants") [ECF No. 91]; (b) Defendants Scripps Broadcasting Holdings LLC and Scripps Media, Inc. (together, the "Scripps Defendants") [ECF No. 94]; and (c) Defendant Adell Broadcasting Corporation ("Adell") [ECF No. 97] (collectively, "these Defendants"). All three Motions to Dismiss have been fully briefed.

For the reasons set forth below, the Court grants all three Motions to Dismiss.[1]

## II.  BACKGROUND

The named inventor of the '425 patent is David A. Reams, a former Michigan attorney. Reams also prosecuted a series of applications leading to the '425 patent for nearly 13 years, until the '425 patent issued on April 9, 2014. In addition to being the inventor and the prosecuting attorney, Reams is the President, Treasurer, Secretary, and Director of Progme. Progme has a history of litigation regarding the '425 patent, as set forth below.

In 2015, Progme sued a number of entities in this district, including Comcast, claiming infringement of the '425 patent. *Progme v. Comcast*, 15-13935 (the "Comcast Case"). Within two weeks of filing the complaint, Progme filed a notice of voluntary dismissal, "dismissing with prejudice" all defendants except for Comcast. *See* ECF No. 4 in the Comcast Case. Comcast then filed a motion to transfer. The district court granted the motion and transferred the case to the Eastern District of Pennsylvania. *See* ECF No. 48 in the Comcast Case.

During the pendency of the Comcast Case, Comcast filed a request for ex parte reexamination of the '425 patent with the PTO. On May 1, 2018, the PTO ordered

---

[1] Progme's Motion to Consolidate [ECF No. 115] is denied as moot, as the Google Case has been dismissed.

reexamination based on Comcast's ex parte reexamination request. In addition to Comcast's reexamination proceeding, on April 4, 2018, Progme filed a reissue application for the '425 patent with the PTO.

The day before filing the reissue application, on April 3, 2018, Progme filed the Fox Case. Two months later, on June 1, 2018, Progme filed the Google Case. Shortly thereafter, in early August 2018, the Court stayed the Fox and Google cases pending the outcome of the PTO proceedings, including both the ex parte reexamination and the reissue application. *See* ECF No. 14 in the Fox Case and ECF No. 11 in the Google Case. On August 6, 2019, the PTO mailed a notice of allowance for the reissue application of the '425 patent. On November 19, 2019, the PTO issued the '735 patent, which generally allows claims 1-25 of the '425 patent.

On December 4, 2018, following the conclusion of the PTO proceedings, Progme filed motions to lift the stay, to transfer, and for leave to amend in both cases. *See* ECF No. 18 in the Fox Case and ECF No. 15 in the Google Case. The Court granted Progme's motion to lift the stay, denied Progme's motion to transfer, and granted Progme's motion for leave to file amended complaints. *See* ECF No. 29 in the Fox Case and ECF No. 27 in the Google Case. Progme then filed a first amended complaint in each case. *See* ECF No. 30 in the Fox Case and ECF No. 28 in the Google Case. When granting Progme leave to file amended complaints, the Court

observed that the original complaint in each case was not a model of clarity and if Progme's amended complaints were of the same ilk, they may not withstand a motion to dismiss.

As noted above, the Court granted the motions to dismiss filed by Fox and Google with respect to the amended complaints *vis a vis* Fox and Google. The Court held that the amended complaints, including the Second Amended Complaint filed in this case, fail to state a plausible claim for relief.

### III. APPLICABLE LAW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. The Court must accept all well-pleaded factual allegations as true and review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id*. at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id*. at 563. The Supreme Court has further stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

### IV. ANALYSIS

The Court notes that the responses to the three Motions to Dismiss at issue were filed by David A. Reams. The Court has ruled that Mr. Reams cannot serve as counsel for Progme, even in pretrial matters. *See* ECF No. 110. The Order barring Mr. Reams from acting as Progme's counsel was not issued until September 24, 2020, however, after all the responses prepared by Mr. Reams were filed. New counsel filed an appearance on behalf of Progme on October 20, 2020. No new, amended, or supplemental responses were filed by the new counsel or anyone else. For those reasons, the Court has reviewed the responses filed by Mr. Reams and has considered those responses when analyzing and determining the three Motions to Dismiss.

**A.  Progme Did Not Have a Right to File the Second Amended Complaint**

Adell argues that Progme did not have a right to file the Second Amended

6

Complaint without seeking leave under Federal Rule of Civil Procedure 15(a). Rule 15(a) provides, in relevant part, that "[a] party may amend its pleadings once as a matter of course" within 21 days after service of a motion under Rule 12(b) (emphasis added). Rule 15(a)(2) further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

Progme arguably did not need to seek the court's leave to file its first amended complaint, but its decision to seek leave then did not entitle Progme to reserve an as-of-right amendment for later use. *See Bonds v. Univ. of Cincinnati Med. Ctr.*, No. 18-3509, 2019 WL 2323905, at *3 (6th Cir. Feb. 6, 2019) ("Because Plaintiff had already filed an amended complaint, he was not entitled to again amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). His motion to amend was instead governed by Rule 15(a)(2), which provides that the 'court should freely give leave when justice so requires.'"). As the Second Amended Complaint is the only pleading naming Adell (and the Graham Defendants and the Scripps Defendants) as defendants, Adell argues that the Second Amended Complaint should be stricken and the case against it (and them) dismissed.

The Court agrees that striking the Second Amended Complaint may be warranted. For purposes of this Order, however, the Court will proceed as though "justice . . . requires" granting leave to file the Second Amended Complaint. The

7

Court does so because, as was true *vis a vis* Fox and Google, all Defendants have filed motions to dismiss. As all of these Defendants have addressed the Second Amended Complaint in their motions to dismiss, the Court deems it prudent under the circumstances to consider whether the Second Amended Complaint states plausible claims for relief against these Defendants. So, rather than strike the Second Amended Complaint and have Progme seek to re-file it and have the parties rebrief the matter, the Court finds that the interests of justice weigh heavily in favor of determining whether Progme has sufficiently pleaded claims in its Second Amended Complaint.

**B.    The Second Amended Complaints Does Not Satisfy Rule 8 and Rule 12**

   *1.    Correct Standard*

In its response, Progme relies on a standard that is no longer applicable, namely that standard set forth in *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (cited by Progme as *R+L Carriers, Inc.*). In that case, the Federal Circuit reviewed Form 18 of the Appendix to the Federal Rules of Civil Procedure, which at that time set forth a sample complaint for direct patent infringement. And, at that time, Federal Rule of Civil Procedure 84 provided that the use of the forms "suffice[d]" for pleading purposes. *Id*. The Federal Circuit concluded "the Forms control" over the *Twombly* pleading standards. *Id*. But, the Federal Circuit noted that a complaint pleading "just enough

8

information to satisfy a governing form" may not be sufficient because the question depended, in part, upon "the phrasing of the complaint being challenged." *Id*. at 1334 n.6.

The Supreme Court abrogated Rule 84 in December 2015, thereby invalidating the form complaints in the Appendix. Since then, patent infringement complaints have been subject to the pleading standards of *Twombly* and *Iqbal*. *See, e.g., Golden v. Apple Inc.*, No. 2020-1508, 2020 WL 5240656, at *1 (Fed. Cir. Sept. 3, 2020); *Filter Plus, Inc. v. O R Company*, No. 16-12974, 2017 WL 747598, at *2 (E.D. Mich. Feb. 27, 2017); *SteveMadden, Ltd. v. Yves Saint Laurent*, 2019 WL 2023766 at *4 (S.D.N.Y. 2019). "Accordingly, cases relying on Rule 84 and the form complaints are no longer good law, and [Progme] can no longer benefit from the less rigorous pleading standard." *SteveMadden*, 2019 WL 2023766 at *4. As discussed below, under the current pleading standard, Progme cannot salvage the Second Amended Complaint.

  2.  *Progme's Deficient Allegations*

Progme made little attempt to respond to these Defendants' motions in any meaningful way, something that could in itself be considered grounds for dismissal. *See Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the

9

district court may deem the plaintiff to have waived opposition to the motion.") (internal citations and quotations omitted).

As the Court noted in the order granting the motions to dismiss filed by Fox and Google, the Second Amended Complaint contains rambling, confusing, and conflicting allegations, and long recitations of computer code. It contains excerpts from Progme's patent that simply fail to allege with any clarity how any of these Defendants infringed the '425 patent as reissued. As set forth in more detail below, Progme does not allege the component or product of each of these Defendants that infringed on Progme's patent– or how any of the Defendants actually infringed said patent.

The Second Amended Complaint also appears to be a cut and paste of the second amended complaint Progme filed in its case against Google, which has been dismissed pursuant to a Rule 12(b)(6) motion. For example, although Google is not named as a defendant in this case (the Fox Case), the Second Amended Complaint contains four references to "Defendant Google." The Second Amended Complaint relies on citations to Google code and what Google purportedly does, without ever explaining the relationship between those things and anything that any of these Defendants has done. *See, e.g.*, ECF No. 48, PageID. 931 (¶44 - citing to "Defendant Google's Infringing Code Service Class Examples listed below"); PageID.934 (¶51 -

10

same), PageID.934 (¶52 - same); PageID.944 (¶61 - "[Defendants] each continued to infringe the '735 Patent after...the service of the original Complaint for Patent Infringement against Defendant Google on 4/3/18").[2]  The Second Amended Complaint also fails to provide a plausible basis to believe how any of these Defendants has infringed the asserted patent. It contains many circular definitions of certain terms. For example, Progme uses the term "Defendants Infringing Code" without offering any definition of that term at all. *See* ECF No. 48 PageID.938-939 (¶¶ 53-54). The only "code" identified in those paragraphs is taken from Progme's own website, which in turn cites to Google code. Progme alleges that the "dump() PrintWriter Method" was available through the Android code. Progme does not, however, identify any code associated with any of these Defendants that constitutes the purported "Defendants Infringing Code," such that these Defendants could have practiced Progme's alleged patent rights.

The Second Amended Complaint does not provide any insight into what activities are alleged to meet the limitations of the asserted claims. For example, the patent describes the "printable output" in terms of coupons associated with advertisements, but the second amended complaint does not identify any use of

---

[2] Progme's responses likewise contained recycled language from other filings that had no bearing on a particular Defendant or group of Defendants' arguments, often not even bothering to swap out the names.

"printable output." Progme also does not explain what constitutes the claimed program signals, predetermined program material, or timer means.

Progme instead has charted out where certain words appear in the Second Amended Complaint, which does little more than argue "the complaint says what it says." Progme's chart spans eight pages of its response brief(s) and includes what it claims are accused products. In addition to the fact that the chart is not in the Second Amended Complaint (and is therefore not a proper basis on which to oppose these Defendants' motions), the chart fails because (1) the "dump() PrinterWriter method" – a software debugging tool that is a component of Android code – does not consitute an "accused product;" and (2) the "Accused Streaming Platform Instrumentalities" is a broad reference to the "streaming platforms" of the Scripps Defendants' affiliates WXYZ-TV & WMYD-TV. The inclusion of the "streaming platforms" of the other Defendants does not remedy that deficiency, as PRogme fails to characterize or explain any features or functionalities of the "streaming platforms" that allegedly infringe its patent. Progme's argument that "the Accused Streaming Platform Instrumentalities are both identified and described in terms of how they are alleged to infringe the '735 Patent with reference to the asserted claims" exemplifies the circularity and conclusory nature of the Second Amended Complaint.

Progme's limited reference to purported "streaming platforms" also is not

enough to allege infringement because "[i]n order to prove direct infringement, a patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit." *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007). Progme does not identify in the Second Amended Complaint the "streaming platforms" these Defendants allegedly use, much less how they specifically infringe on the claims in the '425 patent, reissued as the '735 patent.

Progme also has failed to explain in the Second Amended Complaint (or in its response brief) how the unnamed "streaming platforms" were capable of infringing on the patent claims, much less how these Defendants used the platform to commit alleged infringement in this case. Progme has essentially patented a series of steps and there is no infringement when "the performance of all the patent's steps is not attributable to any one person." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 922 (2014). The Second Amended Complaint does not allege that any of these Defendants took more than one step, while the rest of the infringing steps—and all the infringing code—occurred within the Android platform, not the platforms of these Defendants.

Progme cites paragraphs 65 and 66 in the Second Amended Complaint as allegedly showing "how" the accused instrumentalities infringe the '735 patent. The

13

Court finds that these paragraphs merely state that a "virtual machine enabling said Android Runtime" performs the functions claimed in the '735 Patent, such as the "dump() method and at least one print() or println() statement of the PrintWriter method." These conclusory statements that a "virtual machine" (which is not otherwise defined or identified) practices the '735 patent do not save the fact that the Second Amended Complaint is devoid of any factual allegations that could plausibly state a claim for infringement by these Defendants. This Court need not, and does not, accept Progme's conclusory allegations as true. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Progme also fails to plead any plausible allegation that these Defendants operated the "dump() PrintWriter Method" while streaming a live broadcast over the Internet (or at any other time).

As other courts have recognized, "merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element" amounts to "little more than a conclusory statement that 'Your product infringes my patent claim'" and fails to state a plausible claim of infringement under *Twombly* and *Iqbal*. *N. Star Innovations, Inc. v. Micron Tech., Inc.*, No.

14

17-506-LPSCJB, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017). Such allegations do not provide any clarity or contain the "short and plain statement of the claim" required by Rule 8(a), nor any plausible claim to survive Rule 12(b)(6). They do not enable defendants (specifically, these Defendants) a reasonable opportunity to understand and defend what may be relevant to the claims as pleaded. At this point, these Defendants would have to try to defend a moving target, as Progme could adapt its theory of the case under the broad umbrella afforded by the Second Amended Complaint. The Court concludes that is not something contemplated or permitted under the *Twombly* plausibility standard.

 Finally, under the America Invents Act, the joinder of unrelated parties in patent infringement cases has been limited to allegations that those parties infringe a patent by making or using the same products or services. *See* 35 U.S.C. § 299. It appears that the only plausible theory under which Progme is suing these Defendants arises from its allegations in the Second Amended Complaint relating to the purported cooperation of these Defendants in airing Governor Whitmer's Town Hall on April 2, 2020. *See* ECF No. 48, PageID 943 ( ¶58). But, the Second Amended Complaint alleges that each company used its own separate technology platform to distribute that content online. *Id*. at PageID 931, 943, 944-945 (¶¶44, 58, 62-63). Accordingly, the Second Amended Complaint fails to meet the statutory standards for joinder because

the accused companies did not use the same product or service for their alleged infringement.

### C. Conclusion

As Adell argued,

> Progme has had three chances to state a plausible claim for relief and has not done so. Adell's motion to dismiss identified specific deficiencies with the Second Amended Complaint, but Progme failed to address them. It bears repeating:
>
>> The telltale sign of this sort of case is a string of conclusory allegations of a broad and malevolent conspiracy coupled with a persistent inability on the part of the plaintiff to state briefly, simply, and clearly, as required by Fed. R. Civ. P. 8(a) and 8(e)(1), the factual basis for his conclusions. Such cases are subject to dismissal.
>
> *Easley v. University of Michigan Bd. of Regents*, 632 F. Supp. 1539, 1542 (E.D. Mich. 1986).

[ECF No. 111, PageId 1344] For all the reasons stated above, the Court concludes that the Second Amended Complaint fails to state a plausible infringement claim against these Defendants, and it must be dismissed, with prejudice.

## V. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that the Motion to Dismiss filed by Defendants Graham Media Group, Inc. and Graham Media Group, Michigan, Inc. [ECF No. 91] is

GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendants Scripps Broadcasting Holdings LLC and Scripps Media, Inc. [ECF No. 94] is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant Adell Broadcasting Corporation [ECF No. 97] is GRANTED.

IT IS FURTHER ORDERED that the Motion for Extension of Time to File Answer [ECF No. 52] is GRANTED.

IT IS FURTHER ORDERED that Progme's Motion to Consolidate [ECF No. 115] is DENIED AS MOOT.

IT IS FURTHER ORDERED that Progme's cause of action [No. 18-11057] is DISMISSED WITH PREJUDICE.  Judgment will be entered separately.

IT IS ORDERED.

Dated: May 23, 2023

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge